IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MICHAEL HEADRICK, Individually and on behalf of all Others Similarly Situated**                                   **PLAINTIFF**

vs.                              No. 5:16-cv-749

**TUCKER ENERGY SERVICES, INC., and
TUCKER ENERGY SERVICES U.S.A., INC.**                                   **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Michael Headrick ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendants Tucker Energy Services, Inc., and Tucker Energy Services U.S.A., Inc. (collectively referred to as "Defendant"), and in support thereof does hereby state and allege as follows:

### I.     JURISDICTION AND VENUE

1.     Plaintiff Michael Headrick, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty (40) per workweek.

2. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. The acts complained of herein were committed and had their principal effect within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District as Defendant, resides and does business in this District and a substantial part of the events alleged herein occurred in this District.

4. Some of the witnesses to overtime violations alleged in this Complaint reside in this District.

5. On information and belief, the payroll records and other documents related to the payroll practice Plaintiff challenges are located in this District.

6. Venue is proper in this District. *See* 28 U.S.C. § 1391 (b) & (c).

## II.     THE PARTIES

7. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

### a. Plaintiff

8. Plaintiff Michael Headrick is a resident and citizen of Gregg County, Texas.

9. Plaintiff was employed by Defendant as a Supervisor within the three (3) years preceding the filing of this Original Complaint.

10. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA minimum wage and overtime laws.

**b.  Defendant Tucker Energy Services, Inc.**

11. Defendant Tucker Energy Services, Inc., is a Texas corporation and licensed to do business in the States of Texas and Oklahoma.

12. Defendant Tucker Energy Services, Inc.'s registered agent for service of process in Texas is William C. Ferebee, 450 Gears, Suite 800, Houston, Texas 77067.

13. Defendant Tucker Energy Services, Inc., is an "employer" within the meaning set forth in the FLSA and, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class.

14. Defendant Tucker Energy Services, Inc., has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

15. Defendant Tucker Energy Services, Inc., annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

**c.  Defendant Tucker Energy Services U.S.A., Inc.**

16. Defendant Tucker Energy Services U.S.A., Inc., is a Texas corporation and licensed to do business in the States of Texas and Oklahoma.

17. Defendant Tucker Energy Services U.S.A., Inc.'s registered agent for service of process in Texas is William C. Ferebee, 450 Gears, Suite 800, Houston, Texas 77067.

18. Defendant Tucker Energy Services U.S.A., Inc. is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class.

19. Defendant Tucker Energy Services U.S.A., Inc., has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

20. Defendant Tucker Energy Services U.S.A., Inc., annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

### III.     FACTUAL ALLEGATIONS

21. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

22. Within three years prior to the filing of this case, Defendant hired Plaintiff to perform duties as a Supervisor.

23. As a manual laborer, Plaintiff's duties were to assist in fracking oil and gas wells and to operate, maintain, set-up, disassemble, and repair equipment at the wells.

24. In all weeks in which Plaintiff performed his manual labor, Defendant paid Plaintiff a weekly salary.

25. Defendant paid Plaintiff no overtime premium for weeks in which Plaintiff worked more than forty hours per week.

26. Plaintiff worked more than forty hours per week on a regular, typical basis while working for Defendant.

27. Defendant did not require Plaintiff to have any professional education

relevant to his job duties as a prerequisite to employment.

28. Plaintiff was a classic blue-collar worker, spending his physical, demanding, long shifts outdoors in the elements, and not in an office.

29. Defendant provided Plaintiff with pick-up trucks that he was required to drive to and from the job sites.

30. During the course of his employment, Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

31. Plaintiff did not select any employees for hire nor did he provide any formal training for any employee.

32. Plaintiff had no ability to hire and fire any employees.

33. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

34. Defendant knew or should have known that the FLSA applied to the operation of its oil and gas well operations at all relevant times.

35. Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations involving the misclassification of positions very similar to Supervisors.

36. Law in support of the position taken by Plaintiff in this lawsuit is reflected in the U.S. Department of Labor – Wage and Hour Division Fact Sheet #17B. Significantly, the information in the Fact Sheet predates the intentional non-payment of overtime planned and committed by Defendant within the time period of the statute of limitations that is applicable to this case.

37. Despite being on notice of its violations, Defendant chose to continue to

misclassify Plaintiff and other members of the proposed collective class and withhold overtime wages to them in an effort to enhance its profits.

## IV.     COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

39.     Within the three years preceding the filing of this Complaint, Defendant hired individuals other than Plaintiff to perform duties as Supervisors ("Putative Class Members") as well.

40.     Within the three years preceding the filing of this Complaint, Defendant employed Supervisors other than Plaintiff to assist in installation, maintenance and operation of fracking and related equipment at the wells.

41.     Within the three years preceding the filing of this Complaint, Defendant paid Putative Class Members a weekly salary.

42.     Defendant paid Putative Class Members no overtime premium for weeks in which they worked more than forty hours per week.

43.     Putative Class Members worked more than forty hours per week on a regular, typical basis while working for Defendant.

44.     Defendant did not require Putative Class Members to have any professional education relevant to their job duties as a prerequisite to their employment.

45.     Putative Class Members were classic blue-collar workers, spending their physical, demanding, long shifts outdoors in the elements, and not in an office.

46.     During the course of their employment, Putative Class Members did not manage the enterprise or a customarily recognized subdivision of the enterprise.

47. Putative Class Members did not select any employees for hire nor did they provide any formal training for any employee.

48. Putative Class Members had no ability to hire and fire any employees.

49. Putative Class Members did not have any control of or authority over any employee's rate of pay or working hours.

50. Defendant knew or should have known that the overtime requirements of the FLSA applied to Putative Class Members at all relevant times.

51. Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations involving the misclassification of positions very similar to Putative Class Members.

52. Law in support of the position taken by Plaintiff in this lawsuit is reflected in the U. S. Department of Labor – Wage and Hour Division Fact Sheet #17B. Significantly, the information in the Fact Sheet predates the intentional non-payment of overtime planned and committed by Defendant within the time period of the statute of limitations that is applicable to this case.

53. Despite being on notice of its violations, Defendant chose to continue to misclassify Putative Class Members and withhold overtime wages to them in an effort to enhance its profits.

54. Putative Class Members are similarly situated in that they have been subject to uniform practices by Defendant that violated the FLSA, including:

A. Defendant's uniform misclassification of them as exempt employees under the FLSA; and

B.  Defendant's failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

55. Plaintiff asks this Court to conditionally certify the following class:

**All employees of Defendant employed as salaried Supervisors within the statutory period.**

## V.  FIRST CAUSE OF ACTION

**(Individual Claim for Violation of FLSA)**

56. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

57. Defendant intentionally misclassified Plaintiff as exempt from overtime compensation.

58. Defendant deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

59. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

60. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

61. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.  SECOND CAUSE OF ACTION

### (Collective Action Claims for Violation of FLSA)

62. Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

63. Defendant required Putative Class Members to work in excess of forty (40) hours each week but failed to pay them overtime compensation for all of the hours in excess of forty (40) in each workweek in violation of the FLSA.

64. Defendant's conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Putative Class Members for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiff Michael Headrick, individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

A. That Defendants each be summoned to appear and answer herein;

B. That Defendants be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

C. A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying members of the collective action class;

E. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

F. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and Putative Class Members during the applicable statutory period;

G. An order directing Defendants to pay Plaintiff and Putative Class Members prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

H. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**MICHAEL HEADRICK, Individually and on behalf of Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:   */s/ Josh Sanford*
Josh Sanford
Texas. Bar No. 24077858
josh@sanfordlawfirm.com