UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL HEADRICK, Individually and on Behalf of All Others Similarly Situated, § § § § Plaintiff, § § v. § § TUCKER ENERGY SERVICES, INC., and § TUCKER ENERGY SERVICES U.S.A., INC., § § Defendants. § | SA-16-CA-749-OLG (HJB) |

**ORDER**

This Order concerns Plaintiff's Motion for Conditional Certification (Docket Entry 10) and Plaintiff's Motion for Approval and Distribution of Notice (Docket Entry 11). Pretrial matters have been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b). (*See* Docket Entry 24.) For the reasons set out below, Plaintiff's Motion (Docket Entry 10) is **GRANTED** and Plaintiff's Motion for Approval and Distribution of Notice (Docket Entry 11) is **GRANTED IN PART**.

**I.    Jurisdiction.**

Plaintiff's suit alleges violations of the Fair Labor Standards Act ("FLSA"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* Pursuant to 28 U.S.C. § 636(b), this Court has authority to rule on this motion as a non-dispositive matter. *See Poreda v. Boise Cascade, L.L.C.*, 532 F. Supp. 2d 234, 238 (D. Mass. Jan. 22, 2008); *Barrus v. Dick's Sporting Goods, Inc.*, 465 F. Supp. 2d 224, 229 n.1 (W.D.N.Y. Sept. 19, 2006).

## II. Background.

This a putative collective action suit to recover unpaid overtime compensation under FLSA, 29 U.S.C. § 201, *et seq.* (Docket Entry 1, at 1–2.) Plaintiff and potential class members are current and former employees of Defendants, Tucker Energy Services, Inc. ("Tucker") and Tucker Energy Services U.S.A., Inc. ("Tucker USA"). (*Id.*) Tucker is a privately owned multinational oil and gas services corporation. (Docket Entry 22, at 2.)

Plaintiff alleges that he worked for Defendants as a Supervisor from October 2013 to April 2014. (Docket Entry 1, at 6.) Plaintiff alleges that "Defendant[s] intentionally misclassified Plaintiff as exempt from overtime compensation" and that they "deprived [him] of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA." (*Id.* at 8.)

On July 25, 2016, Plaintiff filed this collective action on behalf of himself and other similarly situated employees of Defendants. (Docket Entry 1.) On November 15, 2016, Plaintiff filed the instant motion to conditionally certify the putative class (Docket Entry 10), and motion for approval and distribution of notice (Docket Entry 11). Defendants have responded in opposition to Plaintiff's motion. (Docket Entry 22.)

## III. Motion for Conditional Certification.

Plaintiff moves to conditionally certify a class comprised of all "Supervisors (or similar positions) who worked [for Defendants] at any time after July 25, 2013." (Docket Entry 10 at 1.) Plaintiff claims that the affidavit attached to its motion "provide[s] ample factual basis to support conditional certification." (*Id.* at 9.) Defendants oppose conditional certification. (Docket Entry 22.)

## A. *Conditional Certification Standard.*

FLSA permits employees to bring an action against their employers for violation of its wage and hour provisions. 29 U.S.C. § 216. Section 216(b) permits an employee to bring an action against his employer on "behalf of [himself] . . . and other employees similarly situated." 29 U.S.C. § 216(b). This type of collective action follows an "opt-in" procedure, under which "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

Courts have discretion to allow a party asserting FLSA claims on behalf of others to notify potential plaintiffs that they may choose to "opt-in" to the suit. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Although the Fifth Circuit has not adopted a specific standard to be used in determining the propriety of class certification under the FLSA, it has recognized the "two-stage approach" used by many courts. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). This two-stage approach involves a "notice" stage and a "decertification" stage, and different evidentiary thresholds apply at each stage. *Mooney*, 54 F.3d at 1213–14.

At the "notice" stage, a plaintiff files a motion to provide notice of the lawsuit to potential class members. *Mooney*, 54 F.3d at 1213–14. The evidentiary standard at this stage is lenient, requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1214 n.8. Nevertheless, a court considering issuing notice to potential class members should be mindful of the

3

"responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266–67 (D. Minn. 1991).

If the motion to authorize notice is granted, the district court will conditionally certify the class so that putative class members are provided an opportunity to "opt-in" to the lawsuit. *Mooney*, 54 F.3d at 1214. The action then proceeds as a representative action throughout discovery. *Id.* Once discovery is complete, the case proceeds to the second stage of litigation, in which the court may revisit the issue of certification if the defendant files a motion to decertify the class. *Id.*

In order to demonstrate that conditional certification and notice to potential plaintiffs is proper, "a plaintiff must make a minimal showing that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) . . . those aggrieved individuals are similarly situated to the plaintiff in relevant respect given the claims and defenses asserted, and (3) . . . those individuals want to opt in to the lawsuit." *Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H-07-2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007) (citing *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983)).

To determine whether the requisite showing has been made, courts look at the similarity of job requirements and pay provisions for the potential plaintiffs, and at whether they appear to be victims of a common policy or plan. *See Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002); *Butler v. City of San Antonio*, 2003 WL 22097250, at *1 (W.D. Tex. Aug. 21, 2003). Job requirements need be similar, but not identical. *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 824–25 (N.D. Tex. 2007). Substantial overlap is sufficient. *See id.*

B.   *Analysis.*

Plaintiff has set forth substantial allegations in his Complaint, and has submitted sufficient evidence in his supporting declaration, to suggest that the potential plaintiffs are similarly situated with respect to their job duties and compensation. Plaintiff states that he was employed by Defendants as a Supervisor from October of 2013 through April of 2014. (Docket Entry 10-1, at 1.) As a Supervisor, Plaintiff states that his job was very physical and demanding. (*Id.*) His job duties were manual labor which included "maintain[ing] and operat[ing] the equipment used at the oilfield well sites." (*Id.*) Plaintiff "worked at various well sites in Texas, Oklahoma and Wyoming" and he "performed jobs with different Supervisors, Operators and Hands." (*Id.* at 2.) However, Plaintiff states that his job duties "were the same at all of the locations." (*Id.*)

Plaintiff's job did not require special education; he states that he "learned how to do the job of Supervisor by watching other Supervisors." (Docket Entry 10-1, at 1.) Plaintiff did not receive training or orientation, and he indicates that because "[t]he Supervisor position was essentially the same at all locations . . . there was no need for orientation, training, or re-training." (*Id.* at 2.) Plaintiff states that he "did not regularly supervise and group of employees, nor did [he] have the authority to hire or fire other employees." (*Id.*) Plaintiff claims that "[t]his was true for all of the other Supervisors that [he] worked with, as well." (*Id.*)

During Plaintiff's employment with Defendants, he "was always classified as a salaried employee and was not paid any overtime wages." (Docket Entry 10-1, at 2.) He received regular bonuses in addition to his salary. (*Id.*) As a salaried Supervisor, Plaintiff "did not receive any overtime for hours worked in excess of forty (40) per week." (*Id.*) Plaintiff states that "very long hours were typical for all Supervisors." (*Id.*)

5

Plaintiff indicates that "[b]ased on his experience talking with the other Supervisors [he] worked with in various locations, [he] believe[s] that there would be others that would want to join this lawsuit." (Docket Entry 10-1, at 3.) Plaintiff "believe[s] that there would be more than 30 Supervisors/former Supervisors in the class." (*Id.*)

At this stage Plaintiff has met the lenient notice-stage standard for conditional certification. If, at a later date, it becomes apparent that Plaintiff's and other class members' overtime claims should be pursued on an individual basis, Defendants may move to decertify the class.

IV.     **Notice and Proposed Schedule.**

Plaintiffs have proposed a schedule and form notice to class members for approval. (*See* Docket Entry 11.) Once a court decides that class certification is appropriate, it is within its sound discretion to issue and monitor notice. *Hoffmann-La Roche,* 493 U.S. at 171. Granting certification and issuing notice will have "the advantage of informing the original parties and the court of the number and identity of persons desiring to participate in this suit. With that information, analysis may be performed on the viability of the class and its representatives." *Villatoro v. Kim Son Rest. L.P.*, 286 F. Supp. 2d 807, 810 (S.D. Tex. 2003).

At this phase, the Court will require the parties to confer on the specifics of the schedule and notice—including the form and contents of the notice, the delivery method, and the manner of consent. The parties can report any further disputes to the Court for resolution.

Plaintiff also requests that Defendants provide him with a list of the names, last known home and work mailing addresses, and email addresses of the potential class members. (Docket Entry 11, at 2.) Courts routinely grant discovery of identity and contact information for putative plaintiffs once conditional certification has been granted. *See Hoffman-La Roche,* 493 U.S. at

170; *Clarke v. Convergys Customer Mgmt. Grp., Inc.*, 370 F. Supp. 2d 601, 607 (S.D. Tex. 2005); *Jones v. JGC Dallas LLC*, No. 3:11-CV-2743-O, 2012 WL 6928101, at *5 (N.D. Tex. Nov. 29, 2012).

At this time, the Court will order only that Defendants provide the names and current/last known home addresses of potential class members for the three years preceding the filing of this suit. If that information proves insufficient, Plaintiff may seek additional information from Defendants.

IV. **Conclusion.**

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion for Conditional Certification (Docket Entry 10) is **GRANTED**, and Plaintiff's Motion for Approval and Distribution of Notice (Docket Entry 11) is **GRANTED IN PART**. It is **FURTHER ORDERED** that the parties confer on the specifics of the notice, including the form and contents of the notice, the delivery method, and the manner of consent. At or before this conference, Defendants must provide Plaintiff with the potential class members' contact information, as discussed above. It is **FURTHER ORDERED** that, **within twenty-one (21) days** of the date of this Order, the parties submit either a joint proposed notice, or competing options for notice, to the Court for its consideration.

**SIGNED** on March 20, 2017.

Henry J. Bemporad
United States Magistrate Judge